UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| PATTY ANN FRAZEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL NO. 1:16cv329 |
| | ) |
| NANCY A. BERRYHILL, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

OPINION AND ORDER

This matter is before the court for judicial review of a final decision of the defendant Commissioner of Social Security Administration denying Plaintiff's application for Disability Insurance Benefits (DIB) as provided for in the Social Security Act. 42 U.S.C. §416(I). Section 205(g) of the Act provides, inter alia, "[a]s part of his answer, the [Commissioner] shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing." It also provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. §405(g).

The law provides that an applicant for disability insurance benefits must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. §416(i)(1); 42 U.S.C. §423(d)(1)(A). A physical or mental

impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §423(d)(3). It is not enough for a plaintiff to establish that an impairment exists. It must be shown that the impairment is severe enough to preclude the plaintiff from engaging in substantial gainful activity. *Gotshaw v. Ribicoff*, 307 F.2d 840 (7th Cir. 1962), cert. denied, 372 U.S. 945 (1963); *Garcia v. Califano*, 463 F.Supp. 1098 (N.D.Ill. 1979). It is well established that the burden of proving entitlement to disability insurance benefits is on the plaintiff. *See Jeralds v. Richardson*, 445 F.2d 36 (7th Cir. 1971); *Kutchman v. Cohen*, 425 F.2d 20 (7th Cir. 1970).

Given the foregoing framework, "[t]he question before [this court] is whether the record as a whole contains substantial evidence to support the [Commissioner's] findings." *Garfield v. Schweiker*, 732 F.2d 605, 607 (7th Cir. 1984) citing *Whitney v. Schweiker*, 695 F.2d 784, 786 (7th Cir. 1982); 42 U.S.C. §405(g). "Substantial evidence is defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rhoderick v. Heckler*, 737 F.2d 714, 715 (7th Cir. 1984) quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1410, 1427 (1971); *see Allen v. Weinberger*, 552 F.2d 781, 784 (7th Cir. 1977). "If the record contains such support [it] must [be] affirmed, 42 U.S.C. §405(g), unless there has been an error of law." *Garfield*, *supra* at 607; *see also Schnoll v. Harris*, 636 F.2d 1146, 1150 (7th Cir. 1980).

In the present matter, after consideration of the entire record, the Administrative Law Judge ("ALJ") made the following findings:

1. The most recent favorable medical decision finding that the claimant was disabled

is the determination dated September 9, 2009. This is known as the "comparison point decision" or CPD.

2. At the time of the CPD, the claimant had the following medically determinable impairments: vascular insufficiency and morbid obesity. These impairments were found to meet section 4.11A of 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d)).

3. Since the CPD, the claimant has not engaged in substantial gainful activity (20 CFR 404.1594(f)(1)).

4. Since February 28, 2013, the claimant has not had an impairment or combination of impairments which has met or medically equaled the severity of an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1525 and 404.1526).

5. Medical improvement occurred as of February 28, 2013 (20 CFR 404.1594(b)(1)).

6. The medical improvement is related to the ability to work because, since February 28, 2013, the claimant's CPD impairments have no longer met or medically equaled the same listing that was met at the time of the CPD (20 CFR 404.1594(c)(3)(i)).

7. Since February 28, 2013, the claimant has had the following severe impairments: morbid obesity and osteoarthritis in both knees (20 CFR 404.1594(f)(6).

8. Since February 28, 2013, the claimant has had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except that she is not able to climb ladders, ropes, or scaffolds and she is only occasionally able to climb ramps and stairs, balance, stoop, kneel, crouch, and crawl.

9. Since February 28, 2013, the claimant has been capable of performing some of her past relevant work (20 CFR 404.1565).

10. The claimant's disability ended as of February 28, 2013 and she has not become disabled again through the date of this decision (20 CFR 404.1594(f)(7)).

</blockquote>

(Tr. 23-30)

Based upon these findings, the ALJ determined that Plaintiff was not entitled to disability insurance benefits.

Plaintiff initially applied for Disability Insurance Benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. § 423(d) in June 2009, alleging a disability as of June 1, 2008 (Tr. 143-49). Plaintiff's application was granted in September 2009, and she was found disabled as of May 29, 2009 (Tr. 53). After a continuing disability review analysis was conducted, Plaintiff was determined no longer disabled as of February 28, 2013, and this determination was upheld on reconsideration (Tr. 54-58). After a hearing in February 2015, an Administrative Law Judge (ALJ) issued a decision on March 27, 2015, in which she found that Plaintiff was no longer disabled as of February 28, 2013 (Tr. 18-52). The Appeals Council denied Plaintiff's request for review of this decision (Tr. 1-7), thereby rendering it the Agency's final decision for purposes of judicial review. 20 C.F.R. § 404.981. The Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

To evaluate whether Plaintiff's disability ceased, the ALJ must follow the statutory and regulatory criteria for continuing disability review, 42 U.S.C. § 423(f); 20 C.F.R. § 404.1594. This determination is made on a "neutral basis . . . without any initial inference" that the claimant's disability continues. 42 U.S.C. § 423(f)(4); 20 C.F.R. § 404.1594(b)(6). Thus, Plaintiff is not entitled to a presumption of continuing disability. *See Soper v. Heckler*, 754 F.2d 222, 224 n.1 (7th Cir. 1985). The determination of whether disability has ceased involves an eight-step process set forth at 20 C.F.R. § 404.1594(f):

> (1) Is the beneficiary working? If yes (and if there is no issue of a trial work period), the beneficiary is no longer disabled. (2) If a beneficiary is not working, do his impairments meet or equal the Listings? If yes, disability is continued. (3) If the beneficiary's impairments do not meet or equal the Listings, has there been any medical improvement? If yes, the sequential analysis proceeds to step four; if no, it proceeds to step five. (4) Is the medical improvement related to the beneficiary's ability to work? If yes, the sequential analysis proceeds to step six; if no, it proceeds to step five. (5) If there is no medical improvement, or if the medical

> improvement is not related to the beneficiary's ability to work, does one of the exceptions to medical improvement apply? If an exception does apply, the beneficiary is no longer disabled. If none of the exceptions apply, the sequential analysis continues. (6) If medical improvement is related to the ability to work, are all current impairments severe in combination? If not, the beneficiary is no longer disabled. (7) If the impairments are severe, the Commissioner determines the beneficiary's RFC and considers whether she can do her past work. If the beneficiary can, she is no longer disabled. (8) If the beneficiary cannot do her past work, the Commissioner decides whether she can do other work given her RFC, age, education, and work experience. If the beneficiary can, she is no longer disabled; if not, disability is continued.

See 20 C.F.R. § 404.1594(f).

In the present case, Step Seven was the determinative inquiry, as the ALJ held that the Plaintiff has the RFC to perform her past work.

Plaintiff filed her opening brief on March 14, 2017. On June 9, 2017, the defendant filed a memorandum in support of the Commissioner's decision, to which Plaintiff replied on July 4, 2017. Upon full review of the record in this cause, this court is of the view that the ALJ's decision should be affirmed.

In support of remand or reversal, Plaintiff argues that the ALJ failed to properly evaluate a medical opinion, and solicited vocational testimony based on a hypothetical that did not match her RFC. Plaintiff argues that remand is necessary for the ALJ to fully consider the medical findings of a consultative examiner who evaluated Plaintiff during the period when she was disabled.

As noted above, the ALJ found that Plaintiff remained disabled from the period of May 29, 2009 through February 27, 2013, but medically improved thereafter and was not disabled from February 28, 2013 through March 27, 2015 (Tr. 30). The Commissioner has the burden of

showing medical improvement occurred unless an exception applies. 42 U.S.C. § 423(f).

Plaintiff cites to the opinion of consultative examiner David Ringel, D.O. as proof that she was disabled beyond February 28, 2013. The ALJ held that medical improvement occurred as of February 28, 2013 because Plaintiff no longer met the requirements of Listing 4.11A Chronic venous insufficiency (Tr. 24; referring to Tr. 268 (State agency medical opinion finding Plaintiff met Listing 4.11A)). Treatment notes from late 2012 and early 2013 showed that Plaintiff no longer faced the extensive brawny edema involving at least two-thirds of her leg as when she had been found disabled (Tr. 24). Specifically, updated medical findings indicated that she had a normal gait on examination, and showed no muscle atrophy or deficits in muscle strength (Tr. 24; referring to Tr. 315, 362-63, 374, 377). Directly rebutting Plaintiff's claim that the ALJ did not consider Dr. Ringel's findings was the ALJ's mention of Exhibit 7F—Dr. Ringel's examination notes—which contained the evidence referred to by the ALJ of Plaintiff having a normal gait and using no assistive devices (Tr. 24; referring to Tr. 281). Thus not only did the ALJ consider Dr. Ringel's findings, but Dr. Ringel's findings were instrumental in supporting the ALJ's conclusion that Plaintiff no longer met or equaled Listing 4.11A, and was no longer disabled as of February 28, 2013.

Plaintiff notes that some of Dr. Ringel's findings showed a more significant deterioration of symptoms than at the previous consultative examination in August of 2009 (Brf. at 6-7; comparing Tr. 264-66 with Tr. 279-82). However, the range of motion chart from August 2009 shows a limited range of motion throughout Plaintiff's upper extremities, while the December 2012 chart does not (Compare Tr. 266 with Tr. 282). Also, the ALJ previously relied on the opinion of State agency medical consultant Mangala Hasanadka, M.D., who opined on

6

September 8, 2009 that Plaintiff met Listing 4.11A (Tr. 268). Since that time, two new State agency medical consultants were entered into the record. On February 19, 2013, State agency medical consultant J. Sands, M.D. found Plaintiff capable of light work, subject to some postural limitations (Tr. 300-07). State agency medical consultant B. Whitley, M.D. reviewed the file in June 2013, and agreed (Tr. 338-45). The ALJ cited extensively to those new opinions in finding both that Plaintiff did not continue to meet or equal Listing 4.11A, and in finding that she could perform light work (Tr. 26).

To warrant remand and show that a different conclusion would be reached, Plaintiff would either need to show that she continued to meet or equal Listing 4.11A, or that the ALJ overlooked some evidence that might have altered her decision. Plaintiff only argues that the ALJ disregarded the opinion of Dr. Ringel. As noted above, the ALJ cited to Dr. Ringel's findings in showing a lack of muscle atrophy or deficits in concluding that she no longer met or equaled any Listed impairment (Tr. 23); she pointed to Dr. Ringel's findings in establishing medical improvement (Tr. 24); she noted that Dr. Ringel's findings included no evidence of open sores or ulcerations on Plaintiff's legs (Tr. 25); and she used Dr. Ringel's examination to discount Plaintiff's claims of an abnormal gait and a need for assistive devices (Tr. 28-29). The ALJ's decision includes two direct references to Dr. Ringel (Tr. 25-26), and cites to her records 11 times (Tr. 23, 24, 25, 26, 28, 29).

Plaintiff argues that the ALJ did not spell out the requirements of light work in her RFC finding. However, it is clear that the ALJ did so in the hypothetical posed to the vocational expert. The term light work is explicitly defined in the Commissioner's regulations, and the parameters outlined by the ALJ to the vocational expert specifically aligned with that definition

7

(Compare Tr. 50 with Tr. 27). See 20 C.F.R. § 404.1567(b). Thus, there was no error and, in any event, the Seventh Circuit has held remand unnecessary where a common sense reading of the ALJ's analysis makes an RFC finding apparent. *Stevenson v. Colvin*, 654 F.App'x 848, 852 (7th Cir. Jul. 15, 2016). Clearly, Plaintiff's argument would not change the result on remand. *Pepper v. Colvin*, 712 F.3d 351, 367 (7th Cir. 2013) ("[W]e will not remand a case for further specification when we are convinced that the ALJ will reach the same result."); *McKinzey v. Astrue*, 641 F.3d 884, 892 (7th Cir. 2011) (discouraging remand where the Court is convinced that the ALJ would reach the same result on remand). Accordingly, the ALJ's decision will be affirmed.

## Conclusion

On the basis of the foregoing, the ALJ's decision is hereby AFFIRMED.

Entered: August 2, 2017.

s/ William C. Lee  
William C. Lee, Judge  
United States District Court